THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLISLE KINCAID, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE OKLAHOMA PROJECT, LLC, an Oklahoma limited liability company; | ) |
| | ) |
| WILLIAM WHITNEY, individually, and as a member of THE OKLAHOMA PROJECT, LLC; | ) |
| | ) |
| MARCUS ELLIOTT, individually, and as a member of THE OKLAHOMA PROJECT, LLC; | ) Case No.   CIV-20-797-D |
| | ) |
| KATHLEEN WINDLER, individually, and as a member of THE OKLAHOMA PROJECT, LLC; | ) |
| | ) |
| ADAM ARENDT, individually, and as a member of THE OKLAHOMA PROJECT, LLC; | ) |
| | ) |
| GARRETT LAW GROUP, PLLC, an Oklahoma professional limited liability company; | ) |
| | ) |
| LOGAN JONES, individually, and as a a member of GARRETT LAW GROUP, PLLC, an Oklahoma professional limited liability company; | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, Carlisle Kincaid, by and through her attorney of record, Nicholas S. Paynter, of the Scissortail Law Group, PLLC, and alleges as follows:

1

## PARTIES

1. Plaintiff, Carlisle Kincaid ("Kincaid"), is and at all times mentioned herein an individual residing in Oklahoma City, Oklahoma.

2. Defendant, The Oklahoma Project, LLC ("TOP"), is an Oklahoma limited liability company currently operating in Noble, Oklahoma.

3. Defendant, William Whitney ("Whitney"), a member of The Oklahoma Project, LLC, is an individual residing in Mooresville, North Carolina.

4. Defendant, Marcus Elliott ("Elliott"), a member of The Oklahoma Project, LLC, is an individual residing in Norman, Oklahoma.

5. Defendant, Kathleen Windler ("Windler"), a member of The Oklahoma Project, LLC, is an individual residing in Tulsa, Oklahoma.

6. Defendant, Adam Arendt ("Arendt"), a member of The Oklahoma Project, LLC, is an individual residing in Norman, Oklahoma.

7. Defendant, Garrett Law Group, PLLC ("Garrett Law"), is an Oklahoma professional limited liability company operating in Tulsa, Oklahoma.

8. Defendant, Logan Jones ("Jones"), a member of Garrett Law Group, PLLC, is an individual residing in Tulsa, Oklahoma.

## VENUE AND JURISDICTION

9. Allegations asserted by, and acts complained of by Plaintiff, relate to a verbal and partly written contract entered into between the Plaintiff and the Defendants Whitney, Elliott, and Arendt in Oklahoma City and Noble, Oklahoma.

10. Allegations asserted by, and acts complained of by Plaintiff, against Defendants Garrett Law and Jones relate to actions taken by these Defendants to remove and displace Plaintiff

from membership in The Oklahoma Project, LLC. The acts complained of occurred primarily in Oklahoma City, Oklahoma.

11. Allegations asserted by, and acts complained of by Plaintiff, against Defendant Windler relate to actions taken by Windler to assume membership in The Oklahoma Project, LLC, as well as her membership interest in The Oklahoma Project, LLC. The acts complained of occurred primarily in Oklahoma City, Oklahoma.

12. The contract between Plaintiff and Defendants Whitney, Elliott, and Arendt was entered into and a majority of the facts giving rise to this suit occurred in Cleveland County, Oklahoma.

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A § 1332(a) due to diversity of citizenship and as the amount in controversy is in excess of $75,000.00.

14. Venue is proper in the United States District Court, Western District of Oklahoma, pursuant to 28 U.S.C.A § 1391(b)(2) as a substantial part of the events giving rise to Plaintiff's claim occurred in this jurisdiction.

## STATEMENT OF FACTS

15. The Plaintiff, Carlisle Kincaid, on or about July 23, 2019 entered into an agreement with Defendants Whitney, Elliott, and Arendt relating to the parties' membership in The Oklahoma Project, LLC ("TOP") in which it was agreed Plaintiff was to have a seventy-five percent (75%) ownership interest.

16. The Defendant, TOP, holds a license to grow medical marijuana issued by the Oklahoma Medical Marijuana Authority ("OMMA"), is licensed by the Oklahoma Bureau of Narcotics and Dangerous Drugs to manufacture medical marijuana, and is licensed by the Oklahoma Department of Agriculture for medical marijuana cultivation.

17. Plaintiff and Defendants Whitney, Elliott, and Arendt were all in agreement as to Plaintiff's seventy-five percent (75%) ownership in TOP, as Oklahoma law requires an entity holding a medical marijuana growers license issued by the OMMA to have at least seventy-five percent (75%) ownership by a citizen of Oklahoma who has been a citizen of Oklahoma for at least the two preceding years. *See* 63 Okla. Stat. § 422(B)(4). Documentation submitted to OMMA, the Internal Revenue Service, and the Oklahoma Bureau of Narcotics and Dangerous Drugs ("OBNDD") all clearly showed that Plaintiff owns seventy-five percent (75%) of TOP.

18. Defendant Whitney is not an Oklahoma resident, and Defendants Elliott and Arendt have not been Oklahoma residents for two years. Thus, the only way that TOP could receive approval for an OMMA commercial license is for Plaintiff to own seventy-five percent (75%) of TOP.

19. On or about August 24, 2019 TOP was approved for and received a Commercial Grower License from the OMMA.

20. On or about October 1, 2019 TOP was approved for a license to manufacture/cultivate medical marijuana by the OBNDD.

21. The Parties had multiple discussions over the course of several months regarding the revenue split of TOP between the members but were unable to come to an agreement. No operating agreement or revenue agreement was agreed to nor signed by the parties.

22. Plaintiff aided in the daily operations of TOP until the beginning of June 2020. On June 2, 2020 Plaintiff received an email from Defendant Jones terminating her services "as an Oklahoma resident for OMMA licensing purposes and as an administrative assistant for The Oklahoma Project, LLC."

23. On June 2, 2020 the registered agent of TOP filed with the Oklahoma Secretary of State was changed from Plaintiff to Defendant Garrett Law Group, PLLC, of which Defendant Jones is an owner. Plaintiff had no knowledge of this change and made no approval of this change and it is in violation of her rights as a majority owner of TOP. *See* 18 Okla. Stat. Ann. § 2012.2(B).

24. On June 3, 2020 Plaintiff sought information from the OMMA regarding TOP's ownership information as reported to the OMMA. Plaintiff received from OMMA documents establishing that Defendant Windler had represented to OMMA via affidavit dated March 16, 2020 that she is a two-year Oklahoma resident and is the now seventy-five percent (75%) owner of TOP.

25. OMMA also provided Plaintiff with a document purportedly signed by Plaintiff of May 29, 2020, attesting to her Oklahoma residency and seeking the renewal of TOP's OMMA commercial license. Plaintiff did not sign the document and it is clearly a forgery.

26. OMMA advised Plaintiff that documents reflecting an ownership change of TOP had been submitted to OMMA. This change would reflect no ownership on the part of Plaintiff. Plaintiff signed nor authorized any such sale or change.

27. On June 11, 2020 OMMA advised Plaintiff that due to the ownership dispute of TOP OMMA would not process any ownership change nor renewal of the OMMA license until the dispute was settled.

28. From June 1, 2020 and continuing to the present date, Plaintiff has been effectively locked out of TOP. Her access to the bank account has been restricted, she has been locked out of the physical facility, and has no access to any TOP property or records.

29. Based upon information provided to Plaintiff, her seventy-five percent (75%) ownership of TOP has been fraudulently and illegally transferred to Defendant Windler.

30. As Plaintiff is still the majority owner of record, and in fact, for TOP by all licensing entities, Plaintiff is at great risk for civil or criminal penalties incurred by the operation of TOP.

31. Based upon information and belief, Defendants Whitney, Elliott, and Arendt are using Defendant Windler as a 'fake' owner of TOP only to satisfy the OMMA Oklahoma resident ownership requirements and are thereby perpetuating a fraud against the State of Oklahoma and acting in contravention to law subjecting Plaintiff's rightful ownership and interest in TOP to sanction and loss.

## CAUSES OF ACTION-FRAUD IN THE INDUCEMENT

32. Paragraphs 1-31 are incorporated by reference.

33. Defendants Whitney, Elliott, and Arendt knowingly allowed the Plaintiff to perform all duties required of her to be granted seventy-five percent (75%) ownership of TOP with the knowledge that they would fraudulently strip her of her ownership at a later date.

34. Plaintiff has requested payment for or the return of her ownership interest but this request has been denied by Defendant Whitney.

35. Defendant's intentions were dishonest and of malicious intent.

36. Defendants knew with certainty that Plaintiff would rely on the verbal agreement and the written documentation submitted to OMMA, IRS, and the OBNDD documenting her ownership interest.

37. Defendants' purposeful fraudulent conduct warrants the imposition of punitive damages.

## CAUSE OF ACTION – BREACH OF CONTRACT

38. Plaintiff incorporates all allegations in paragraphs 1 through 37 above.

39. Plaintiff entered into a verbal contract agreement with Defendant(s) as fully set forth above.

40. Plaintiff performed under the agreement and the Defendants Whitney, Elliott, and Arendt are in breach via their refusal to allow Plaintiff to receive the benefit of contract, via revenues, and for removing her from TOP.

41. Plaintiff has been damaged as a proximate result of the Defendants' breach and is entitled to judgment against Defendants for damages certain and foreseeable as well as judgment for all other damages proximate thereto and flowing from Defendants' breach of contract.

## CAUSE OF ACTION – FRAUD

42. Paragraphs 1-41 are incorporated by reference.

43. Defendants Whitney, Elliott, Arendt, Windler, Jones, and Garrett purported to divest Plaintiff of her ownership interest in TOP via the fraudulent and illegal submission of documents to OMMA and the Oklahoma Secretary of State.

44. These actions were taken without Plaintiff's consent, the documents were fraudulently executed, and all actions were taken in an attempt to divest Plaintiff of her rightful ownership in TOP and to benefit the Defendants.

## CAUSE OF ACTION- QUANTUM MERUIT

45. Paragraphs 1-44 are incorporated by reference.

46. Defendants Whitney, Elliott, Arendt, and Windler benefited and continue to benefit from the services provided by Plaintiff and by virtue of Plaintiff's ownership in TOP, without which Defendants would be unable to procure an OMMA commercial license.

47. Defendants are in breach.

48. Plaintiff is entitled to judgment against Defendants for all value received by Defendants.

## CAUSE OF ACTION-CONSTRUCTIVE TRUST

49. Paragraphs 1 through 48 are incorporated by reference.

50. A constructive trust is to avoid unjust enrichment.

51. A constructive trust is an involuntary or implied trust by operation of law. It is imposed against one who, by <u>fraud, actual or constructive</u>, by duress or abuse of confidence, by <u>commission of wrong</u>, or <u>by any form of unconscionable conduct, artifice, concealment, or questionable means</u>, or who in any way against equity and good conscience, either has obtained or holds the legal right to property which he ought not, in equity and good conscience, hold and enjoy. One obtaining legal title to property by fraud or by violation of a confidence of fiduciary relationship, or in any unconscionable manner, cannot equitably retain title.

52. The equitable remedy of constructive trust should be imposed against these Defendants and for the exclusive benefit of the Plaintiffs herein to prevent unjust enrichment.

WHEREFORE, Plaintiffs pray for judgment against Defendants in excess of $75,000.00, for the restoration of her seventy-five percent (75%) ownership interest in The Oklahoma Project, LLC, for punitive damages, reasonable attorneys' fees and costs incurred herein, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Nicholas S. Paynter*
Nicholas S. Paynter OBA #21775
Scissortail Legal Group, PLLC
1603 E. 19th Street, Suite 108
Edmond, OK 73013
(405) 757-4217
nick@scissortaillaw.com

## VERIFICATION

STATE OF OKLAHOMA ) 
) ss: 
COUNTY OF OKLAHOMA )

Nicholas Paynter, of legal age, being first duly sworn upon her oath, states:

That he counsel for the Plaintiff above named; that he has read the above and foregoing Petition and knows the contents thereof, and that the statements, allegations and facts therein set forth are true and correct to the best of her information and belief.

_____ 
Nicholas Paynter

Subscribed and sworn to before me this 11 day of August 2020.

_____ 
Notary Public

My Commission Expires: 6/13/23 
My Commission Number: 19006031

LEXIE LEE COTNEY 
Notary Public in and for 
STATE OF OKLAHOMA 
Commission #19006031 
Expires: June 13, 2023